UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00360-FDW

| | |
|---|---|
| EDDRICCO LI'SHAUN BROWN-BEY[1], ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A HOOKS, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Eddricco Li'shaun Brown-Bey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed December 3, 2018. (Doc. No. 1.)

Petitioner is a prisoner of the State of North Carolina, who, according to North Carolina Department of Public Safety ("NCDPS") records, was convicted on September 20, 2016, in Mitchell County Superior Court of one count of drug trafficking, two counts of obtaining a controlled substance by fraud, one count of attempting to obtain a controlled substance by fraud, and attaining the status of an habitual felon. He was sentenced to 102-135 months in prison. See NCDPS Public Offender Information, available at

http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (Offender # 0700738).

The instant action constitutes one of many assaults on the efficiency and resources of the federal courts by Petitioner in his quixotic pursuit of release from state custody founded upon

---

[1] Incarcerated under the name Eddricco Lishaun Brown. See North Carolina Department of Public Safety Public Offender Information, available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list (Offender # 0700738 last viewed Dec. 18, 2018).

1

indisputably meritless legal theories and/or clearly baseless factual contentions, see Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), specifically Moorish National identity, sovereign citizen, and indecipherable Uniform Commercial Code theories.[2] (§ 2254 Pet., Doc. No. 1.) Indeed, Petitioner filed this § 2254 Petition and his prior § 2254 petition within a week of each other, see § 2254 Pet., Brown-Bey v. Hooks, et al., No. 1:18-cv-00355 (W.D.N.C. filed Nov. 26, 2018), Doc. No. 1. In the instant Petition, he claims Defendants kidnaped (unlawfully arrested) him and took him hostage "under the 'Ex Post Facto' slave status & label 'Black,' to identify the petitioner unlawfully, and illegally in all the above arrest warrants, indictments and judgments and commitments"; Defendants violated his due process rights by denying him "Consul" as required by the Treaty of Peace and Friendship between Morocco and the United States; and "[a]ll crimes committed since '1871' are commercial [and] [c]ommercial crimes can NOT be part of any legal proceedings." (§ 2254 Pet. 6, 8, 11.)

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court shall dismiss the instant Petition as the grounds raised are based on indisputably meritless legal theories and/or founded upon clearly baseless factual contentions. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

---

[2] See Brown-Bey v. N.C. House of Representatives, et al., No. 1:16-cv-00375-FDW (W.D.N.C. Jan. 27, 2017) (dismissing habeas petition based on Moorish National identity as frivolous); Brown-Bey v. State of North Carolina, et al., No. 1:17-cv-00722-UNA (D.D.C. April 19, 2017) (same); Brown-Bey v. Mecklenburg Cnt'y Health Dep't (Vital Records), et al., No. 3:17-cv-00279-FDW (W.D.N.C. June 16, 2017) (dismissing civil complaint based on Moorish National identity as frivolous); Brown-Bey v. Hooks, et al., No. 1:18-cv-00015-FDW (W.D.N.C. Jan. 26, 2018) (same); Brown-Bey v. Hooks, et al., No. 3:18-cv-00083-FDW (W.D.N.C. April 27, 2018) (dismissing civil complaint pursuant to Prison Litigation Reform Act's three-strikes rule, 28 U.S.C. § 1915(g)); Brown-Bey v. Hooks, et al., No. 3:18-cv-00460-FDW (W.D.N.C. Sept. 26, 2018) (dismissing civil complaint based on Moorish National identity as frivolous).

First, Petitioner has failed to identify the constitutional right state officials allegedly violated by listing Petitioner's race or ethnicity as "black" on warrants, indictments or judgment and commitments. Second, such listing does not violate the Thirteenth Amendment's abolishment of slavery and involuntary servitude. Petitioner's claim related to use of the word "black" is frivolous.

Next, assuming for the sake of argument that the Treaty of Peace and Friendship between Morocco and the United States grants a citizen of Morocco arrested in the United States access to consular officials, such a fact is of no help to Petitioner. Petitioner is a citizen of the United States by virtue of his birth in North Carolina. See "Writ of World Habeas Corpus" at 13, Brown-Bey v. N.C. House of Representatives, et al., No. 1:16-cv-00375-FDW (W.D.N.C.), Doc. No. 1. While Petitioner may refer to himself as a "Moorish American National" and "Aboriginal/Indigenous Moor" of "Cherokee Tribal Nation," he has not demonstrated that he is a citizen of Morocco entitled to all of the benefits that may accompany that citizenship. Therefore, his claim has no basis in fact and shall be dismissed as frivolous.

Finally, Petitioner's claim that all crimes are commercial is patently absurd and has no foundation in either law or fact. Accordingly, it shall be dismissed as frivolous.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED with prejudice** as frivolous;

2. The Court waives the filing fee in this action, but certifies that any appeal by Petitioner will not be made in good faith; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a

substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 21, 2018

Frank D. Whitney
Chief United States District Judge